## FOSTER v. CHRYSLER CORPORATION et al.

### No. 3352.

District Court, W. D. Pennsylvania.
April 27, 1940.

M. M. Berger, of Pittsburgh, Pa., and Samuel Ostrolenk, of New York City, for plaintiff.

Wm. B. Jaspert, of Pittsburgh, Pa., and Zabel, Carlson, Gritzbaugh & Wells, of Chicago, Ill., for defendants.

SCHOONMAKER, District Judge.

This is a patent-suit charging defendants with infringement of Mottlau patent No. 2,089,807, issued to plaintiff August 10, 1937, on an application filed March 16, 1932. This patent relates to a free-wheeling clutch for an automobile. The title of the plaintiff to this patent and the jurisdiction of this court are conceded; they otherwise appear by the proofs.

The defenses are: (1) Non-infringement; (2) invalidity, because the device is inoperative; (3) estoppel to assert any broad construction of the claims in suit, because of the rejection and cancellation of such broad claims in the Patent Office; and (4) invalidity, because plaintiff is attempting to repatent an old combination in which merely one element only has detailed features which may distinguish it over the prior art.

A large number of the claims of this patent were sued upon; but at the trial, plaintiff restricted his charge of infringement to claims 25, 28, 38, and 39. In his request for conclusions of law, plaintiff restricted his charge of infringment to

claims 38 and 39. These two claims read as follows:

"38. In an automotive . vehicle, the combination with a drive shaft; a driven shaft; and a uni-directional clutch between the two shafts and operative throughout the normal driving speed range of the drive shaft to connect and to disconnect the two shafts; of means operative at the will of the vehicle operator to render the clutch non-effective, said means including relatively movable co-operative parts respectively mechanically connected to each of the shafts and operative to connect the two shafts to establish a driving connection to by-pass the uni-directional clutch, said cooperating parts being effective radially to clutch and to declutch and being relatively rotatably movable within the clutching zone; and means responsive to a synchronous relation between the relatively moving co-operating parts of said by-passing connecting means for controlling the connection of said relatively moving parts.

"39. In combination in an automotive vehicle, a drive shaft; a driven shaft; self-releasing means for connecting the two shafts throughout the normal driving speed range of the drive shaft; second connecting means operative to bridge the self-releasing means and to connect the two shafts to transmit energy between them, said second means including a first clutch element connected to one shaft, a second clutch element connected to the other shaft and radially operative to clutch the first clutch element, said second clutch element embodying a clutching portion and a portion serving as a yielding support therefor; and automatic means responsive to the relative speeds of two cooperative parts of the bridging connecting means for controlling the completion of the connection of the bridging means."

The plaintiff admits that the elements of these claims are individually old, but contends that the combination of these old elements, as shown by the patent in suit, produces a cooperative functional relationship to accomplish a new and useful result; i. e., the driver is able to change from free-wheeling drive to positive drive while driving, the actual change-over occurring at synchronism, under control of a synchronism detector, without further attention from the driver after he has initiated the change-over.

It does not appear that any cars in actual use have ever been equipped with the Mottlau free-wheeling-clutch combination. We are dealing here with a paper-patent, the utility of which has never been demonstrated in actual driving experience. In such a case, the patent must be construed strictly, and cannot be considered as a pioneer invention entitled to a large range of equivalents.

The ordinary normal automobile-drive arrangement consists of the engine, which, through the interposition of the clutch, the transmission mechanism, the driven shaft, and the universal joint, drives the rear wheels of the car through the instrumentalities of the differential which is mounted on the rear axles. The transmission is usually housed in a single compartment and is operated by a shift-lever, which is used to rearrange the transmission elements, so that there may be three forward speeds and one reverse speed.

The patented structure has these normal elements with an added free-wheeling clutch in the running gear, so constructed that the driver has the choice of driving through a free-wheeling mechanism operable at the will of the driver whenever he wishes to avail himself of the free-wheeling device by pulling a lever, the actual change-over to free wheeling taking place when the operating parts are at synchronism. In the plaintiff's free-wheeling device, we have (1) the free wheel clutch; (2) the by-pass connection for this clutch; and (3) the synchronizer.

The free-wheeling clutch is what is known in the art as a "coil clutch." It consists of a coil-spring, which in operative relationship is squeezed into a drum rigid with the driven shaft. The engine or drive-shaft is fastened to one end of the coil, and the other end of the coil-spring is free. This free end bears against the drum with considerable force, so that when the engine is driving, the friction between the coil and the drum will tend to expand, and in this manner cause the spring to grip the drum with a driving action. When the drum turns faster than the engine or drive-shaft (as is the case when the automobile is coasting), then the coil-spring will contract, and the drum will over-run the spring and free wheel.

The Mottlau by-pass connection used to connect the wheels to the drive-shaft is a clutch of the same type as the free-wheel-

ing clutch, the coil-spring of which, when in operative relation, contracts against the outside of the drum. The drive-shaft is connected to one end of the spring through a support-flange. It is connected to the first spring through the support-flange by a bolt which is free to slide into a hole in the support-flange. This bolt permits the free-wheeling spring to slide independently of the by-pass spring when the latter is held in inoperative position during free-wheeling operation; when not so held, it is operated by the same mechanism that operates the free-wheeling coil-spring. This by-pass clutch is intended to be under the control of the driver, so that he can either free-wheel, or directly connect the drive-shaft and the driven shaft, as he chooses. A lever is provided by which the by-pass clutch can be made operative or inoperative.

The synchronizer is a device by which Mottlau provides to hold the by-pass clutch in released position, despite the setting by the control-rod to engaged position until the drive-shaft is brought to the speed of the driven shaft.

In the defendants' accused structure (exemplified by defendants' Exhibit 6, and by drawings, defendants' Exhibit 11), we have what is known in the automobile art as an overdrive mechanism, which is designed for the purpose of driving the driven shaft of an automobile at a speed which is greater in revolutions per minute than the speed of the drive shaft. This overdrive is secured by planetary gearing, which consists of three elements—a sun-gear, a ring-gear, and the planetary gear. These are shown on defendants' model, Exhibit 5, the sun-gear being painted blue, the ring-gear, green, and the planetary gear, orange. In operation, the sun-gear is stationary and tied up with the engine-drive shaft, and the planetary pinions rotate about the sun-gear, and at the same time rotate on their own axis, with the result that the planet pinion, at its outer dimension, rotates faster than it does where it engages the sun-gear. The defendants' overdrive unit is a combination of this planetary-gear set, with a pair of radially-slidable overdrive dog clutches, a shiftable sleeve, and a roller or one-way clutch. To operate the overdrive mechanism, a shiftable clutch under control of the driver by a lever in the driver's compartment is shifted to its forward or left-hand position. This permits the engagement of

the overdrive dogs, which are responsive to centrifugal force at a predetermined car-speed of about thirty-five miles per hour. The driver then releases the gas-throttle to allow the engine to reduce its speed, and the driven shaft to increase its speed with relation to the drive-shaft, thus permitting the overdrive dogs to enter the clutch jaws and being about the overdrive. The defendants' structure has no synchronizer or detecting means such as shown in plaintiff's device to bring about the entry of the overdrive dogs into the clutch-jaws.

Defendants also have free-wheeling devices (shown in Plate 7, Defts' Exhibit No. 11 at "O" and "E") with their by-pass or cut-out for directly connecting the drive-shaft and the driven shaft. Such structures are old in the art. Keller patent No. 1,969,561 is a fair example. Plaintiff's free-wheeling device is a different structure with its use of the coil-spring, the coil-clutch, its by-pass connection and synchronizer. It has no overdrive mechanism. Its structure cannot be used to drive the driven shaft of the automobile faster than the engine-shaft. In the patented structure, the by-pass would not be necessary at all, if you were going forward, because the free-wheeling clutch connection would always be operative in forward movement. The by-pass is only necessary in plaintiff's structure to permit the automobile to drive backward and to permit the engine to act as a brake when going down hill. We do not consider the overdrive clutch-dogs to be a by-pass, because the only thing they do is to have the drive-shaft drive the driven shaft forwardly. When the engine is to be used as a brake, the automobile does not travel at such a speed as will permit the overdrive clutches to operate; when in reverse the engine is running very rapidly; but the drive-shaft is running comparatively slowly, and you do not have such a condition where the clutch-dogs will operate.

However, it is in this overdrive mechanism of defendants' structure that the plaintiff finds infringement of his combination, in that the defendants have adopted the synchronizer of plaintiff's patent in the operation of overdrive mechanism. In this contention we cannot agree, for we find no element in defendants' structure which corresponds with the synchronism detector of the claims of the plaintiff's patent in suit; i. e., the ball 25 and the two races, 23 and 24, shown in Figures

8, 9, and 10 of the patent in suit. The synchronizer of plaintiff's patent is needed in the spiral spring, free-wheeling arrangement disclosed in the patent, but is not needed in the overdrive mechanism of defendants' structure, in which the overdrive elements themselves engage when the automobile is being driven at a speed of approximately thirty-five miles per hour.

We therefore conclude that there has been no infringement by defendants of the claims of the patent in suit. In view of this conclusion, it is not necessary to pass on any of the other defenses presented by defendants; and we make no ruling in reference thereto.

Findings of fact and conclusions of law in accordance with this opinion are filed herewith. A decree may be presented for dismissal of plaintiff's complaint.